## Abstract of the Decision.

1. APPEAL AND ERROR, § 1752*—*when judgment affirmed for in-sufficiency of abstract.* An affirmance of a judgment is warranted where appellant's abstract fails to show what was the judgment complained of.

2. APPEAL AND ERROR, § 1287*—*when presumed that defense was inadequate.* Where the abstract is silent as to an affidavit of merits, on appeal from a judgment against defendant, the presumption is in favor of the judgment and that the defense was inadequate.

3. LANDLORD AND TENANT, § 72*—*when lease construed as providing for payment of rent in monthly instalments.* Where a lease, after naming the sum payable for the entire term, proceeds: "Payable as follows: One Hundred ($100) dollars on the 15th day of October, 1916, and .............. ($......) on the 15th day of each and every succeeding month of the term," it is to be interpreted as meaning that $100 shall be paid on account of rent on the 15th day of each month during the term, and the objection that this construction might operate to compel the payment eventually of $50 more than the sum payable for the entire term is of no force where plaintiff's brief disclaims any intention of demanding more than the total sum specified, and admits that plaintiff would have no such right.

---

William C. Hartray, Administrator, Appellee, v. Chicago Railways Company, Appellant.

Gen. No. 23,791.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1917. Reversed and judgment here. Opinion filed April 29, 1918. Rehearing denied May 13, 1918.

## Statement of the Case.

Action by William C. Hartray, administrator of the estate of Frank Jagielski, deceased, plaintiff, against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Chicago Railways Company, defendant, to recover for the death of plaintiff's intestate which was alleged to have been caused by the negligent operation of defendant's street cars. From a judgment for plaintiff for $7,500, defendant appeals.

WEYMOUTH KIRKLAND and CHARLES LEROY BROWN,! for appellant; JOHN R. GUILLIAMS, of counsel.

C. HELMER JOHNSON, for appellee; JAMES D. POWER, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. DEATH, § 36*—*necessity of pleading bringing of action for within one year.* The statutory provision (J. & A. ¶ 7214) that an action to recover for a death shall be commenced within one year after the death is not a statute of limitations, but is a condition annexed to the right of action given by the statute forming a part of the right itself, and the bringing of the action within the prescribed time is an essential fact which must appear from the declaration.

2. PLEADING, § 50*—*when declaration does not state cause of action.* A declaration which fails to state a fact, the existence of which is necessary to entitle plaintiff to recover, does not state a cause of action.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.